**President R.C. – St. Regis Management Company**

333 Earle Ovington Boulevard
Uniondale, New York 11553

# Fax Cover

**To:** Gary Melius

**Company:**

**Phone:**

**Fax:**

**From:** Walter K. Horn, Esq.

**Company:** President R.C.-St. Regis Management Company

**Phone:** 516-832-7405

**Fax:** 516-832-8043

**Date:** May 26, 1999

**Pages including cover:** 3

### Comments:

SLA Issue. In order to have beer on the floor of the casino (it must be bought by the customer in the bar or cabaret area and carried to the tables), we must amend our licensed method of operation. This requires approval by the SLA Commission. My attached letter of May 19 shows my formal request, although I had originally raised this matter in a letter on March 30. Tom McKeon, SLA General Counsel, called me yesterday to say he couldn't get it on the May 26 calendar because it was a very heavy one. Possibly will be on June 2, but no guaranty. Next meeting after that is June 16. - We need this ASAP.



PLAINTIFF'S EXHIBIT
30-I.b.
3/24/04

## DIVISION OF ALCOHOLIC BEVERAGE CONTROL
### NEW YORK STATE LIQUOR AUTHORITY
#### OFFICE OF COUNSEL
#### 11 PARK PLACE – Room 5-1B
#### NEW YORK, NEW YORK 10007

Thomas G. McKeon, Counsel

(212) 417-4147
Fax (212) 417-2056

May 19, 1999

Walter Horn, Esq.
President R.C.- St. Regis Management Company
333 Earle Ovington Boulevard Suite 900
Uniondale, New York 11553

Re: Franklin OP 359

Dear Mr. Horn:

This has reference to your letter of March 30, 1999 asking whether or not beer/and or wine may be served on the gaming floor at the Akwesasne Mohawk Casino. The license was approved based upon the method of operation in the application, which specified that alcoholic beverages would not be served on the gaming floor.

As discussed, the licensed premises are the two (2) areas delineated on the floor plan submitted with the license application. Alcoholic Beverages may be sold for on premise consumption within these specifically designated areas. As a matter of law, Liquor and or wine may not be sold or consumed in the same room in which gaming activities are occurring. Nor may liquor or wine ever be taken off these delineated premises. Your approved method of operation does not provide for the sale, service or consumption of beer on the gaming floor.

Should you wish to change or modify your method of operation regarding beer, approval from the Authority must be sought and obtained.

I trust that the foregoing answers your question.

Very truly yours,

Thomas G. McKeon, Counsel

TGM/tm

*President R.C.-St. Regis Management Company*
333 Earle Ovington Boulevard
Suite 900
Uniondale, NY 11553
(516) 832 – 8002 • Fax (516) 832 – 8045

Walter K. Horn
*Senior Vice President*
*General Counsel*

VIA FACSIMILE: 212 417-2056 and Regular Mail

May 19, 1999

Thomas G. McKeon, Counsel
Division of Alcoholic Beverage Control
New York State Liquor Authority
Office of Counsel
11 Park Place
Room 5-1B
New York, NY 10007

Re: Franklin OP 395

Dear Mr. McKeon:

In reference to your letter of May 19, 1999, I am hereby requesting, on behalf of President R.C.-St. Regis Management Company, that approval from the Authority be granted to allow for change and modification of our method of operation at Akwesasne Mohawk Casino. The requested change would allow for the consumption of beer on the gaming floor, i.e., outside of the delineated licensed premises. It is our understanding that beer must be purchased within the licensed premises by the customer. He or she may then take the beer onto the gaming floor. It is our further understanding that liquor and wine may not be taken off the delineated premises.

The Authority's prompt consideration of this request will be greatly appreciated.

Very truly yours,

Walter K. Horn

WKH/sah